IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AARAV, | § | |
|    *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 2:21-CV-00072 |
| | § | JURY |
| PALOMAR SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
|    *Defendant*. | § | |

## PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Palomar Specialty Insurance Company ("Palomar"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1.  On March 11, 2021, Plaintiff, AARAV ("AARAV" or "Plaintiff"), filed its Original Petition in a case styled *AARAV v. Palomar Specialty Insurance Company;* Cause No. S-21-5163CV-A, pending in the 36th Judicial District Court of San Patricio County, Texas.

2.  Palomar received a copy of this suit on March 15, 2021 and has made an appearance in this case.

3.  Palomar files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4.  All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiff's Original Petition;
- **Exhibit 3:** Defendant's Original Answer; and
- **Exhibit 4:** List of Parties and Counsel.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Defendant Palomar are diverse.**

7. **Plaintiff** AARAV is the Named Insured on the insurance policy issued by Defendant that is applicable to the claim made the basis of this lawsuit. According to Plaintiff's Original Petition, AARAV is a limited partnership located in San Patricio County, Texas.[1] The petition states Plaintiff is the owner of the insured property located at 545 N. Commerce St., Aransas Pass, Texas.[2] The insured property is located in Aransas County, Texas. According to Aransas County Appraisal District records, the owner of the property is Shivaay Properties LP, a Domestic Limited Partnership, with its principal office located at 5337 Yorktown Blvd., Suite 301, Corpus Christi, Texas. Mayra Management LLC, a Domestic Limited Liability Corporation, is the managing member of Shivaay Properties LP.

8. **Defendant** Palomar Specialty Insurance Company is, and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in

---

[1] According to the records maintained by the Texas Secretary of State, there is no listing for a general partnership by this name. However, there is a listing for AARAV Management, Inc. which is a domestic corporation located in Corpus Christi, Texas. AARAV Management, Inc. is also the Applicant Name listed on the policy application contained in Defendant's underwriting file for this policy.
[2] This is an apparent scrivener's error in Plaintiff's Original Petition as the correct address for the property is 545 N. Commercial St., Aransas Pass, Texas 78336.

California. Palomar is wholly owned by Palomar Insurance Holdings Inc., a Delaware company. Palomar Insurance Holdings, Inc. is wholly owned by Palomar Holdings, Inc., a Delaware company.  Palomar is therefore not a citizen of the State of Texas for diversity purposes.

9.      Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant Palomar.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10.     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11.     This is a civil action in which the amount in controversy exceeds $75,000. Paragraph 4 of Plaintiff's petition states "Plaintiff is seeking monetary relief over $1,255,000." Plaintiff alleges that Defendant is liable under a commercial insurance policy because Plaintiff made a claim under that policy and allegedly Defendant wrongfully adjusted and underpaid

3

Plaintiff's claim. The allegations in Plaintiff's petition indicate Plaintiff is seeking damages for purported breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practices Act violations, Fraud, and statutory penalty interest, punitive damages, and attorney's fees. Though Defendant denies Plaintiff is entitled to the damages sought in Plaintiff's petition, the petition demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements for federal diversity jurisdiction.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

12. Palomar received notice of this lawsuit on March 15, 2021, when Palomar was served. Thus, Palomar is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

13. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16. Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the San Patricio County District Court pursuant to 28 U.S.C. §1446(d).

17. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By: /s/ George Arnold
**George H. Arnold**, *Attorney-in-Charge*
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**Attorneys for Defendant**
**PALOMAR SPECIALTY INS. CO.**

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of April, 2021, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Shaun W. Hodge
THE HODGE LAW FIRM, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com
*Attorney for Plaintiff*

/s/ George Arnold
George Arnold